# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

KENNETH W. BALLARD, )
 )
        Petitioner, )
 )
vs. )   Case No. CIV-11-310-W
 )
ERIC FRANKLIN, Warden, )
 )
        Respondent.[1] )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking habeas relief regarding the execution of his sentences and "rehearing, reconsideration, and review" of his recent parole proceeding. United States District Judge Lee R. West referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss, and although Petitioner has not responded, the time for doing so has now passed and so the matter is at issue and ready for disposition. Local Civil Rule 7.1(g).[2] For the following reasons, it is recommended that the petition be dismissed.

## I. BACKGROUND

By this action, Petitioner is *not* challenging his state court convictions, but rather, he

---

[1] Petitioner also named Jim Rabon, Terry Jenks, and J.D. Daniels as Respondents. However, Eric Franklin, the warden of the Lexington Correctional Center where Petitioner is incarcerated is the only proper Respondent, and thus, the other Respondents are dismissed.

[2] Petitioner was specifically advised of the requirements of Local Civil Rule 7.1(g) in an order dated March 23, 2011. [Doc. No. 5].

is challenging the execution of his sentences from those convictions. Petitioner states that he plead guilty on January 25, 1984, to robbery with firearms and murder first degree, for which he was sentenced to 75 years imprisonment on the robbery conviction and life imprisonment on the murder conviction, with the robbery sentence to be served consecutively to the murder sentence. Case Nos. CRF-83-4384, CRF-83-4476, District Court of Oklahoma County. Petition, 1-2.[3]

## II. DISCUSSION

Although Petitioner seeks federal habeas relief on five grounds, his grounds for relief can be divided into two categories: (1) his contention that he should have a complete rehearing, reconsideration and review of his May 2010 parole investigation report and his July 2010 parole hearing; and (2) that his sentences are being improperly executed because the order in which the Oklahoma Department of Corrections has him serving his sentences is incorrect. Thus, discussion of Petitioner's grounds for relief will be divided into these two categories.

---

[3]Though not mentioned by Petitioner and not relevant to his claims here, Respondent shows that Petitioner actually plead guilty to two counts of robbery with firearms, five counts of robbery with firearms after former conviction of a felony and the one count of murder in the first degree after the former conviction of a felony. Oklahoma County District Court Case Nos. CRF-83-4384, CRF-83-4490, CRF-83-4549, CRF-83-4601, CRF-83-4602 (two counts), CRF-83-4604, and CRF-83-4476. Respondent's Motion to Dismiss, Exs. 2, 3. Petitioner was sentenced to 75 years imprisonment on each of the robbery convictions, with each sentence to be served concurrently with the 75 year sentence on his robbery conviction in Case No. CRF-83-4384. Respondent's Motion to Dismiss, Ex. 2. He was sentenced to life imprisonment on the murder conviction "to run consecutively with Case Number CRF-83-4384." Respondent's Motion to Dismiss, Ex. 3.

2

## A. GROUNDS RELATED TO IMPROPER PAROLE PROCEEDINGS

Petitioner contends that he should have a complete rehearing, reconsideration, and review of his May 2010 parole investigative interview and report and his July 2010 parole hearing because it was based on "disputed facts in [the] district attorney's version and/or another narrative of the offense reviewed and considered by board members concerning a completely different case." Petition, 7. He claims that he was advised in April 2010 that he was scheduled for parole consideration on the robbery charges in July 2010. Petition, 7. However, he claims that the parole board did not fully review and consider his parole in connection with his robbery convictions, but instead denied parole based on an "erroneously submitted" parole investigative report which included the district attorney's narrative description of the circumstances underlying his first degree murder conviction. Petition, 7-8. Because he was being considered for parole on the robbery charges, he alleges it was improper for the parole investigator and parole board to consider facts which formed the basis of his first degree murder conviction.

Petitioner also contends that he was denied due process when he was denied reconsideration of the parole decision because he was not given notice and an opportunity to be heard on the request for reconsideration, and received no response or written disposition of his application for parole reconsideration. Petition, 12. Petitioner also contends that the lack of an administrative grievance procedure in connection with parole decisions rendered the state courts' decision to deny habeas corpus contrary to or an unreasonable application of United States Supreme Court precedents. Petition, 12.

In his motion to dismiss, Respondent contends that Oklahoma has created no liberty interest in parole proceedings and so Petitioner is not entitled to due process. Respondent's Motion to Dismiss, 7. The undersigned agrees.

The United States Supreme Court has declared that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Parker v. Sirmons, No. 05-6124, 152 Fed.Appx. 705, 707 (10th Cir. Oct. 7, 2005). Although a state may affirmatively create a liberty interest by enacting mandatory statutes that limit a parole board's discretion, the Tenth Circuit and the Oklahoma Supreme Court have made clear that Oklahoma has not done so. Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir.1979) ("[T]he Oklahoma statutory scheme ... does no more than create a parole system, which in the Supreme Court's view as expressed in Greenholtz does not establish a liberty interest."); Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla.1999) ( "[T]here is no protectible liberty interest in an Oklahoma parole .... *No due process strictures can be applied* to test the permissible parameters of the parole process."). Without a liberty interest in parole, there is no entitlement to due process protection. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir.1998).

Petitioner does not argue that the investigative report does not accurately describe the basis for his first degree murder conviction – which also occurred during an armed robbery. Moreover, Petitioner points to no regulation which restricts the Board's consideration of information regarding violent behavior that is not directly connected to the crimes for which

4

parole is being considered. See Schuemann v. Colo. State Bd. of Adult Parole, 624 F.2d 172, 174 (10th Cir. 1980) ("In making predictive appraisals, parole boards should have available to them a wide panoply of information concerning the parole applicant."). Certainly, it was not a violation of Petitioner's rights for the parole board to consider an offense to which the Petitioner has plead guilty. Accordingly, Petitioner's allegation that the parole investigator or parole board improperly considered the circumstances of his murder conviction fails to present a cognizable constitutional claim. See Parker, 152 Fed.Appx. at 707.

Petitioner has also failed to show a violation of his substantive due process rights. His claim, liberally construed, is that the parole board based its decision to deny his parole request on an arbitrary or constitutionally impermissible reason – that is, the circumstances of a crime for which he had been convicted but for which he was not yet serving his sentence of imprisonment. While, to the undersigned's knowledge, no Tenth Circuit published opinion has addressed a substantive due process challenge to the denial of parole of an Oklahoma inmate, both Parker and the majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim-whether substantive or procedural. Parker v. Sirmons, 152 Fed.Appx. at 708; see, e.g., Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.1997). ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); Jones v. Georgia State Bd. of Pardons & Paroles, 59 F.3d 1145, 1150 (11th Cir.1995) (rejecting a substantive due process claim because the inmate had no due process protected

liberty interest in parole); Bailey v. Gardebring, 940 F.2d 1150, 1157 (8th Cir.1991) (affirming the denial of a substantive due process claim because the inmate had no liberty interest in parole and no fundamental right to consideration for early release). The Oklahoma Supreme Court has also confirmed that Oklahoma has not created a liberty interest in parole for purposes of substantive due process. See Shabazz, 977 P.2d at 1092-1093 (rejecting Oklahoma prisoner's substantive due process claim based on parole board's consideration of an improper letter from prosecuting attorney because "[t]he parole function neither leads to nor may ripen into a liberty interest") (emphasis in original).

Moreover, Petitioner has failed to allege or show that he was denied parole for arbitrary or otherwise unconstitutional reasons. The Oklahoma Supreme Court has declared that in Oklahoma the parole board is the "*sole judge of what materials may be considered in the decision-making process*." See Shabazz, 977 P.2d at 1094. Even under the assumption that the parole board based its denial of parole on Petitioner's conviction for murder of an armored car driver during another robbery, such would appear to bear a rational relationship to Petitioner's fitness for early release into society. It is certainly not "arbitrary." See County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) ("touchstone of due process is protection of the individual against arbitrary action of government"). Thus, absent any further showing that consideration of that fact was itself a violation of a fundamental right or implicated another constitutional provision, Petitioner's claim fails. Parker, 152 Fed.Appx. at 709. It is therefore recommended that habeas relief be denied in connection with Petitioner's claim that his parole proceeding was constitutionally inadequate.

## B. ERROR IN SEQUENCING OF SENTENCES

Throughout his petition, Petitioner contends that the Oklahoma Department of Corrections incorrectly booked him into custody on his seven robbery convictions first, reflecting that the life sentence was to served consecutively. Petition, 2-11, 14-15. Petitioner's contention that he should have been booked in first on the murder conviction is apparently based on a transcript[4] of the sentencing hearing in which he alleges that his attorney and the presiding judge indicated that the robbery sentences were to be served consecutively to his life sentence. Id. at 4, 8-9, 14-15. Although the transcript is not part of the record, even Petitioner's description of the colloquy contained therein does not support his claim that the Oklahoma Department of Corrections erred in the execution of his sentences. His quotation of the passage in the sentencing transcript is as follows:

> Your Honor, the agreement is a Life Sentence in the murder case which is CRF-83-4476 and 75 years in each robbery case. The robbery cases to run [con]currently with each other but consecutive to the Murder in the First Degree charge. In other words, he will get a life sentence and a 75 year sentence running consecutively and all of the other robberies will be running concurrently.

Petition, 4, 8-9, 14-15 (purporting to quote sentencing transcript dated Jan. 25, 1984, at p. 8, 13). This language quoted is not inconsistent with the method in which Petitioner's sentences are being executed. It simply indicates that the murder conviction and the robbery convictions are to be served consecutively, not the order in which they are to be served.

The order in which the sentences are being executed is consistent with Oklahoma

---
[4]The transcript referred to is not a part of the record herein.

Department of Corrections policy and procedure. Oklahoma Department of Corrections OP-060211(VII)(A)(2)(b) provides that "If multiple sentences are consecutive and dated identically, service will be determined by the lowest district court docket number...." Respondent's Motion to Dismiss, Ex. 5. In addition, a clear reading of each Judgment and Sentence in the eight cases – copies of which have been provided by the Respondent – bear a notation on the lower right corner showing that the six robbery with firearms convictions in Case Nos. CRF-83-4490, CRF-83-4549, CRF-83-4601, CRF-83-4602 (2 counts) and CRF-83-4604 were to run concurrently with the robbery with firearms conviction in Case No. CRF-83-4384, and that the life sentence in the first degree murder case, Case No. CRF-83-4476, was to run consecutively to Case No. CRF-83-4384. See Respondent's Motion to Dismiss, Exs. 2-3.

Finally, even if any claim regarding the order in which he is serving his sentences had merit, such sentencing matters are state law concerns that do not raise issues cognizable on federal habeas review. Apodaca v. Ferguson, No. 96-8118, 1997 WL 618712, at * 1 (10th Cir. Oct. 6, 1997) ("At most, petitioner is complaining about the order in which he is serving his sentences. Such sentencing matters are state law concerns that do not raise federal issues cognizable on federal habeas review.") (citing Bloyer v. Peters, 5 F.3d 1093, 1100 (7th Cir.1993) and Handley v. Page, 398 F.2d 351, 352 (10th Cir.1968)).

Although the undersigned agrees with Respondent that Petitioner's claim regarding his parole consideration is not exhausted, and that his claim regarding the sequence of his sentences is untimely, the recommended disposition of the claims makes it unnecessary to

address those issues in detail.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 7] be GRANTED and the petition for a writ of habeas corpus be dismissed. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 5, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 14th day of June, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE