

FILED
JUL 11 2011
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| KENNETH W. BALLARD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. CIV-11-310-W ) |
| ERIC FRANKLIN, Warden, et al., | ) ) |
| Respondents. | ) |

## ORDER

On June 14, 2011, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Eric Franklin, Warden, be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Kenneth W. Ballard be dismissed. The parties were advised of their right to object, and the matter now comes before the Court on Ballard's Objections. See Doc. 9.

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter. Ballard has argued that he has been denied procedural due process in violation of the fourteenth amendment to the United States Constitution and that he is entitled to " a complete re-hearing, reconsideration and review" of his parole proceedings due to certain errors committed by a parole investigator and/or members of the Oklahoma Pardon and Parole Board.

The United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442

U.S. 1, 7 (1979), and extant case law teaches, that although the State of Oklahoma may create a protectible liberty or property interest, it has not done so. E.g., Koch v. Daniels, 296 Fed. Appx. 621, 627 (10th Cir. 2008)(Oklahoma statutes governing parole create no liberty or property interest)(cited pursuant to Tenth Cir. Rule 32.1). Thus, Ballard has failed to present a cognizable constitutional claim based upon a deprivation of procedural due process.

The Court likewise finds that Ballard has failed to show that his right to substantive due process, also protected by the fourteenth amendment, has been violated, e.g., Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999), or that he was denied parole for arbitrary or otherwise unconstitutional reasons. E.g., id. at 1094.

Finally, the Court finds no merit to Ballard's arguments that the Oklahoma Department of Corrections ("ODOC") erred in its determination with regard to the order in which Ballard is to serve (and is serving) his sentences. Even assuming Ballard's claim would raise a issue for purposes of federal habeas review, but see Apodaca v. Ferguson, 1997 WL 618712 *1 (10th Cir. 1997)(cited pursuant to Tenth Cir. Rule 32.1)(order of sentences is state law concern and does not raise issues cognizable on federal habeas review)(citations omitted), the sequence in which Ballard's sentences are being executed is consistent with ODOC policy and procedures regarding sentence administration. E.g., ODOC OP-060211.VII(A)(2).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 8] issued on June 14, 2011;

(2) GRANTS to the extent stated herein the Motion to Dismiss [Doc. 7] filed on March 31, 2011, by respondent Franklin;

(3) since Franklin, in his capacity as Warden of Lexington Correctional Center, is Ballard's only custodian, DISMISSES respondents Jim Rabon, Terry Jenks and J.D. Daniels; and

(4) DISMISSES Ballard's Petition [Doc. 1] file-stamped March 21, 2011.

ENTERED this 11th day of July, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE